J-S06010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
        :            PENNSYLVANIA
        :
     v.     :
        :
        :
THOMAS ROBINSON     :
        :
    Appellant    :   No. 1339 EDA 2021

Appeal from the PCRA Order Entered May 28, 2021,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0005071-2012.

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.:        **FILED MARCH 24, 2022**

Thomas Robinson appeals *pro se* from the order denying his second petition pursuant to the Post Conviction Relief Act ("PCRA") as untimely filed. 42 Pa.C.S.A. §§ 9541-46. We affirm.

The pertinent facts and procedural history are as follows: On September 16, 2014, a jury convicted Robinson of second-degree murder and related charges after he and several others, including Terrell Toson, confronted the victim outside a bar. Thereafter, the trial court imposed an aggregate term of life in prison. Following the denial of his post-sentence motions, Robinson appealed to this Court. On April 26, 2016, we affirmed Robinson's judgment of sentence, and our Supreme Court denied his petition for allowance of appeal on September 13, 2016. ***Commonwealth v. Robinson***, 145 A.3d 793 (Pa.

Super. 2016) (non-precedential decision), *appeal denied*, 157 A.3d 481 (Pa. 2016).

On September 22, 2017, Robinson filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel. On March 15, 2018, PCRA counsel filed a motion to withdraw and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On April 20, 2018, the PCRA court issued a Pa.R.A.P. 907 notice of its intent to dismiss Robinson's PCRA petition without a hearing. Robinson did not file a response. By order entered June 14, 2018, the PCRA court denied Robinson's petition. He did not file an appeal.

On October 7, 2020, Robinson filed the *pro se* PCRA petition at issue, his second. The Commonwealth filed a motion to dismiss the petition as untimely filled. On April 9, 2021, the PCRA court issued Rule 907 notice of its intent to dismiss Robinson's second petition. Robinson filed a response. By order entered May 28, 2021, PCRA court dismissed Robinson's latest PCRA petition because it was untimely filed, and he failed to establish any time-bar exception. This appeal followed. Both Robinson and the PCRA court have complied with Pa.R.A.P. 1925.

Robinson raises the following three issues:

1. Did the [PCRA] court abuse its discretion when it dismissed the new evidence PCRA petition as being untimely filed and not meeting the exception set forth to the time-bar in 42 Pa.C.S.A. § 9545(b)(1)(ii); and (b)(2).

- 2 -

2. Did the [PCRA] court [err] when it failed to recognize the **Brady v. Maryland**, [373 U.S. 83 (1963),] due process violation, when the Commonwealth failed to reveal the leniency promise made [to Toson] that did not result in Toson's open burglary offenses adding no added prison time to his guilty plea to third degree murder.

3. Was the leniency promise made to Toson that added no prison time to his sentence, the same effect as the burglary cases (5) dismissed, for purposes of sentencing impact upon Toson concerning prison time that Toson must serve?

Robinson's Brief at 4 (excess capitalization and emphasis omitted).

In his first issue, Robinson challenges the PCRA court's conclusion that his second PCRA petition was untimely filed, and that he failed to establish a time-bar exception. The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." **Commonwealth v. Brandon**, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). Here, because Robinson's underlying claim arose prior to December 24, 2017, he was required to file his PCRA petition invoking one of these statutory exceptions within 60 days of the date

the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2) (repealed).[1] In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Robinson's judgment of sentence became final on December 12, 2016, ninety days after our Supreme Court denied his petition for allowance of appeal, and the time for filing a writ of *certiorari* to the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct. Rule 13. Therefore, Robinson had until December 12, 2017 to file a timely petition. Because Robinson filed his second PCRA petition in 2020, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

Robinson has failed to plead and prove an exception to the PCRA's time bar. At Robinson's trial, Toson testified against him, in return for Toson's plea

---

[1] The current statutory subsection extends the period to one year.

- 4 -

to third-degree murder. In this PCRA petition, Robinson claims he met the newly discovered fact exception based on the actual plea deal the Commonwealth made with Toson. Robinson maintains that the prosecutor withheld from the jury the fact that Toson's plea deal encompassed not only the murder and other charges he faced with Robinson involving this incident, but also five unrelated burglary charges. According to Robinson, as soon as he was able to critique the criminal case history of Toson, and determine that Toson received hidden leniency for his unrelated burglary charges, Robinson filed this PCRA petition. *See* Robinson's Brief at 10.

As this Court has previously summarized:

> The newly-discovered fact exception has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA Court has jurisdiction over the claim under this subsection.

*Commonwealth v. Brown*, 141 A.3d 491, 500 (Pa. Super. 2016) (citation omitted).

Here, the PCRA court found no merit to Robinson's claim because it was refuted by the record. The court explained:

> [T]he trial record establishes that the alleged "new fact" upon which the instant claim is predicated, that is, that Toson's plea agreement included the resolution of his five burglary charges, was disclosed to the jury and known to [Robinson] at the time of trial in 2014. Therefore, the record refutes [Robinson's] claim that the newly-discovered facts exception to the PCRA time-bar applies to his claim.

> Accordingly, the record establishes that [Robinson's] Second Petition is time-barred.

PCRA Court Opinion, 7/26/21, at 8-9 (citations and footnotes omitted).

Our review of the record supports the PCRA court's conclusions. Initially, when testifying for the Commonwealth, Toson not only acknowledged that he had already pled guilty to the third-degree murder and related charges in return for a sentence of 20 to 40 years of imprisonment, but that the Commonwealth also included five unrelated counts of burglary in his plea agreement. *See* N.T., 9/9/14, at 209.

Moreover, the prosecutor introduced the plea agreement into the record and discussed its terms with Robinson. *Id.* at 210-11. This agreement, introduced as an exhibit by the Commonwealth, included the following:

> "[Toson] will enter pleas of guilty to one count of 3rd Degree Murder, in violation of 18 Pa.C.S.A. §2502, one count of Robbery, in violation of 18 Pa.C.S.A. §370 . . . one count of Criminal Conspiracy, in violation of 18 Pa.C.S.A. §903 . . . and **five (5) counts of Burglary**, in violation of 18 Pa.C.S.A. §3501."

*See* PCRA Court Opinion, 7/26/21, at 7-8 (citing Commonwealth's Exhibit C-43) (emphasis in original).

Finally, on cross-examination, defense counsel questioned Toson extensively about the fact that his unrelated burglary charges were included in the plea agreement. *See* N.T., 9/9/14, at 223-25. Indeed, at one point in his cross-examination of Toson, defense counsel stated that "we've essentially

discussed over and over again the fact that this deal included five burglaries[,] and Toson answered affirmatively.  N.T., 9/10/14, at 107-08.

Given the above, it is clear from the record that Robinson knew of the purported "newly-discovered fact" at the time of his trial in 2014.  Thus, the PCRA court correctly determined that he could not meet the newly-discovered fact exception to the PCRA's time bar.  As such, we lack jurisdiction to address Robinson's remaining issues.  **Derrickson**, **supra**.

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 3/24/2022*

- 7 -